UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RODNEY WINCHESTER,<br><br>Plaintiff,<br><br>v.<br><br>DAVID GLADIUEX, et al.,<br><br>Defendants. | CAUSE NO. 1:25-CV-7-GSL-APR |

OPINION AND ORDER

Rodney Winchester, a prisoner without a lawyer, filed an amended complaint. ECF 20. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Winchester asserts that the defendants violated his right of access to the courts as he attempted to defend himself against State criminal charges while detained at the Allen County Jail in 2021 and 2022. This is not the first time Winchester has initiated a federal lawsuit based on these allegations. In *Winchester v. Gladieux*, 1:21-cv-474 (N.D. Ind. filed Dec. 22, 2021), he filed a lawsuit based on the same allegations against similar parties, which the court dismissed on June 21, 2022, for

failure to prosecute under Fed. R. Civ. P. 41(b). That rule provision provides that, unless the court states otherwise, "[a] dismissal under this provision operates as an adjudication on the merits." Consequently, the claims asserted in the amended complaint are barred by the doctrine of claim preclusion. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) ("Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its operative facts); and the same litigants (directly or through privity of interest)"); *Muhammad v. Oliver*, 547 F.3d 874, 876 (7th Cir. 2008) ("But when a suit is abandoned after an adverse ruling against the plaintiff, the judgment ending the suit, whether or not it is with prejudice, will generally bar bringing a new suit that arises from the same facts as the old one.").

Further, even setting aside claim preclusion, the court would find that the claims are untimely. Review of the State court docket reveals that Winchester's claims focus on his ability to defend a State criminal case that culminated in the entry of a guilty plea in December 2021 and sentencing in January 2022.[1] Further, in 1:21-cv-474, Winchester represented that he had transferred from the Allen County Jail to facilities maintained by the Indiana Department of Correction in March 2022. The applicable statute of limitations requires plaintiffs to file lawsuits within two years of the date on which the injury occurred. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). As a result, the limitations period would have expired by March

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

2024. Winchester did not file the initial complaint in this case until August 27, 2024. ECF 1 at 4. Therefore, the access to the courts claims are untimely by five months.

Moreover, while the court declines to fully address the claims on their merits, the court briefly observes that Winchester was represented by counsel in the State criminal case. Absent some indication that the defendants also impeded Winchester's access to counsel, the court cannot find that the allegations plausibly state an access to the courts claim. *See Brooks v. Buscher*, 62 F.3d 176, 181 (7th Cir. 1995) ("What the district court did not take into account is that access to persons trained in the law and providing access to libraries are each fully independent and sufficient methods of satisfying the right of access to the courts."); *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir. 1988) ("[T]he constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.").

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on May 22, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT